UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) Case No: 18-CV-7335 |
| v. | ) Hon. Steven Seeger |
| | ) Magistrate Judge Jeffrey T. Gilbert |
| LOYOLA UNIVERSITY OF CHICAGO, | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO IMMEDIATELY PRODUCE DOCUMENTS AND INFORMATION <u>IT HAS AGREED TO PRODUCE</u>**

Defendant Loyola University of Chicago ("Defendant" or the "University") opposes Plaintiff John Doe's Motion to Compel Defendant to Immediately Produce Documents and Information it has Agreed to Produce ("Motion") because, as explained below, there is no dispute requiring the Court's intervention with regard to the discovery items addressed in the motion. Defendant's counsel has already responded to Plaintiff's July 27, 2020, request for information regarding "case review files" and this matter has been resolved. Defendant's counsel has also been working with Plaintiff's counsel to appropriately narrow the scope of Plaintiff's request for, and determine how to provide information regarding, audio recordings and deletion of investigation interviews, including responding to requests Plaintiff's counsel did not make until July or August 2020.

First, Plaintiff's request for information concerning "case review" files relating to conduct administrators was not made until July 27, 2020, after a deposition taken by Plaintiff's counsel on July 21, 2020, not four months ago as Plaintiff's Motion suggests. *See* Mot. ¶¶ 1, 3, 16. In another

deposition taken by Plaintiff's counsel on August 6, 2020, a witness more familiar with the "case reviews" at issue explained that they likely had nothing to do with gender-based misconduct files. Following that deposition, Defendant's counsel confirmed that the issue is irrelevant because the "case review" process at issue did not relate to any gender-based misconduct cases or to employees involved with administering such cases. Defendant's counsel delivered that information to Plaintiff's counsel on August 25, 2020. The "case review" issue has thus been fully resolved by the parties; there is no pending dispute and no need for the Court's involvement.

Second, as indicated by Plaintiff's Motion, Defendant's counsel is also working collaboratively with Plaintiff's counsel to appropriately narrow the scope of information regarding audio recording and deletion sought by Plaintiff, and as of approximately July 17, 2020, counsel reached agreement on information that Defendant would provide. *See* Mot. ¶¶ 14, 15. Defendant's counsel has been working in good faith to gather the requested information, which is a process significantly more complicated than Plaintiff's Motion appreciates or conveys. Specifically, in response to Plaintiff's requests for "all investigation audio that was preserved through the conclusion of any appeal and all investigation audio that was deleted prior to the conclusion of any appeal," Defendant's counsel has determined and informed Plaintiff's counsel of the following:

- All data from an old system used by the University (LUC Box) was transferred to a new system (One Drive) as of June 30, 2018.

- The University no longer has access to any information from LUC Box, as that cloud-based storage system was purged of all University data as part of the transition to One Drive two years ago.

- The current One Drive system does not retain any audit-trail type of information about files deleted from a case file.

- All that exists in the University's records are audio recordings of interviews that have been maintained within individual case files; there is no record of deletion of other interview audio recordings, nor is there any record of deletion dates.

Thus, as Defendant's counsel has informed Plaintiff's counsel, to determine how many interview audio recordings were deleted from gender-based misconduct files from August 1, 2016, through the 2018-2019 academic year requires manual review of the individual investigative reports for each of these thirty files, identifying all parties and witnesses interviewed from such reports, and manually comparing that data to the number and type of audio recordings of interviews that are contained in the case file for each case. Since agreeing to conduct this review and compile such information, the University has gathered all such interview audio recording files and delivered information about them to counsel as of August 14, 2020. The University also gathered and delivered all final investigative reports for such cases as of August 21, 2020. Defendant's counsel is in the process of determining the number of missing interview audio recordings for each of the thirty cases and will provide this information to Plaintiff's counsel when this review process is complete.

For these reasons, the University respectfully requests that this Court deny Plaintiff's Motion to Compel Defendant to Immediately Produce Documents and Information it has Agreed to Produce.

Dated: September 1, 2020

Respectfully submitted,

LOYOLA UNIVERSITY OF CHICAGO

By: /s/ Peter G. Land

One of Its Attorneys

Peter G. Land
Peter.Land@huschblackwell.com
Gwendolyn Morales
Gwendolyn.Morales@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
312.526.1631

HB: 4834-3428-8585.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO IMMEDIATELY PRODUCE DOCUMENTS AND INFORMATION IT HAS AGREED TO PRODUCE** to be filed with the Clerk of the court using the CM/ECF system, which will send electronic notification to the following counsel of record this 1st day of September, 2020.

Jonathan M. Cyrluk
CARPENTER LIPPS & LELAND LLP
180 North LaSalle Street Suite 2105
Chicago, IL 60601
Email: cyrluk@carpenterlipps.com

Patricia M. Hamill
Lorie Dakessian
CONRAD O'BRIEN PC
Centre Square, West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Email: phamill@conradobrien.com
       ldakessian@conradobrien.com

                                     /s/ Peter G. Land