UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

John Doe
                Plaintiff,

v.                                          Case No.: 1:18−cv−07335
                                                          Honorable Steven C. Seeger

Loyola University Chicago
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, September 1, 2022:

       MINUTE entry before the Honorable Steven C. Seeger: The Court has reviewed the cross motions for summary judgment. The Court has a few questions, and would appreciate receiving some supplemental submissions with short answers. First, Plaintiff John Doe points out that Loyola's Deputy Title IX Coordinator, Rabia Khan Harvey, met with Jane Roe on January 26, 2016, not long after the sexual encounters between John Doe and Jane Roe from January 13–17, 2016. See Def.'s Resp. to Pl.'s Statement of Facts, at para. 10 (Dckt. No. 161). Khan Harvey entered her notes from the meeting into EthicsLine. Id. at para. 11. She wrote: "[Roe] shared that on two separate occasions, [Doe] 'moved too quickly sexually' which made the student uncomfortable. While she doesn't believe she was forced or coerced, she performed oral sex on the accused student and now feels that he is trying to manipulate the situation by accusing her that she'll report that he raped her." Id.; see also Pl.'s Resp. to Def.'s Statement of Facts, at para. 7 (Dckt. No. 158); see also Case Notes (Dckt. No. 128−10, at 7−8 of 9). Notice the key phrase: "she doesn't believe she was forced or coerced." At deposition, Khan Harvey testified that she could not recall Jane Roe's exact words, but confirmed that the report accurately depicted her "impressions" after meeting with Jane Roe. See Khan Harvey Dep., at 103:3 – 104:18, 242:20–24 (Dckt. No. 164−1); see also Pl.'s Resp. to Def.'s Statement of Facts, at para. 7 (Dckt. No. 158). The "History of the Case" section of the Final Investigation Report mentions the fact that Khan Harvey had met with Jane Roe on January 26, 2016, but it did not attach a copy of her notes from that meeting. See Final Investigation Report, at 2 (Dckt. No. 128−4, at 21 of 41). As the Court understands the record, the Hearing Board never received a copy of Khan Harvey's notes from her meeting with Jane Roe. And more broadly, the Hearing Board never knew about the substance of the statements that Jane Roe had made to Khan Harvey. That is, the Board never knew that Jane Roe gave the impression to Khan Harvey that she did not believe that she was forced or coerced. Is that right? That is, is it factually correct that the Board never knew about that statement by Jane Roe to Khan Harvey (or, at the very least, Khan Harvey's impressions about what Jane Roe had said)? Did the Board know anything about what Jane Roe had said to Khan Harvey? The parties appear to agree that the Hearing Board never knew about Khan Harvey's summary of her interview with Jane Roe. See Pl.'s Mem., at 4, 6 (Dckt. No. 127); Def.'s Mem., at 13 (Dckt. No. 160) ("The Hearing Board did not receive or rely upon Khan Harvey's EthicsLine summary...."). If so, why is that? Why didn't the Board

learn that information? Is there anything in the record about why the Board did not receive that information? Who decided not to share it, and why? And is there any evidence in the record about whether it would have made a difference to the Board, or if they would have done anything differently? Second, one of John Doe's theories is that the investigators failed to interview John Doe's two male witnesses. John Doe made that point repeatedly in his brief. See Pl.'s Mem., at 1, 2, 10–11, 16, 30–31 (Dckt. No. 157). But the citations are lacking. And the Court does not know the backstory. Is there anything in the summary judgment record about John Doe asking the investigators to interview those two witnesses? If so, where? By the look of things, it seems that John Doe gave the investigators the names of those two witnesses, and simply "assumed" that the investigators would interview them. See Pl.'s Dep., at 225–226 (Dckt. No. 136–43); Pl.'s Resp. to Def.'s Statement of Facts, at para. 102 (Dckt. No. 158, at 111 of 149); see also id. at paras. 42, 43, 101, 105, 106, 141. Is there evidence that John Doe asked the investigators to interview them, as opposed to simply assuming that the investigators would interview them? If there is such evidence, is there anything in the record about why the investigators did not interview those two witnesses? Did they try? And is there anything in the record about what those witnesses would have said, if given the chance? The Court directs the parties to file supplemental submissions by September 8, 2022. The submissions are limited to five pages. The Court is not looking for argumentative filings (the Court has plenty of that already). The Court wants straightforward answers to its questions. Focus on the facts in the record, not arguments. The Court requires citations to the record, meaning citations with docket numbers (not simply exhibit numbers, which are difficult to navigate). To be clear, the Court is not reopening the summary judgment record. The record is closed, and the parties cannot submit anything else. The Court is simply asking the parties for help in finding answers to its questions in the current record, if the record reveals the answers. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.