UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) Case No. 18-cv-7335 |
| v. | ) Hon. Steven C. Seeger |
| LOYOLA UNIVERSITY CHICAGO, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Loyola University submitted a bill of costs after prevailing at the summary judgment stage. Loyola seeks to recover the costs of deposition transcripts, deposition exhibits, and court reporter appearance fees in the amount of $21,326.77.

Plaintiff John Doe, a former student, objected to the bill of costs. Loyola requested, and the Court granted, leave to file a reply in support of its bill of costs. Loyola then filed its reply.

For the reasons stated below, the Court awards Defendant $19,956.77 in costs.

**Legal Standard**

The American Rule is that each side in a lawsuit must pay its own attorneys' fees, unless a statute or a contract says otherwise. Attorneys' fees are one thing. Costs are another.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." *See* Fed. R. Civ. P. 54(d)(1). A statute enumerates the costs that are recoverable under Rule 54(d)(1). *See* 28 U.S.C. § 1920. Recoverable costs include (1) fees of the clerk and marshal, (2) fees for transcripts necessarily obtained for use in the case, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters.

*See* 28 U.S.C. § 1920(2); *Coleman v. Robert W. Depke Juv. Just. Ctr.*, 2018 WL 11426156, at *1 (N.D. Ill. 2018) (citing *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007)). Reasonable court reporter attendance fees also are recoverable under section 1920(2). *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("[E]ven though [court reporter attendance] fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2).").

Even if authorized by statute, however, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 702 (7th Cir. 2008). Determining whether to tax costs against the losing party requires two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

However, the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009); *Telular Corp. v. Mentor Graphics Corp.*, 2006 WL 1722375, at *1 (N.D. Ill. 2006) ("The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used."). Once the prevailing party makes that showing, the losing party bears the burden of affirmatively showing that the taxed costs are not appropriate. *See Beamon v. Marshall & Ilsley Tr. Co.,* 411 F.3d 854, 864 (7th Cir. 2005).

Ultimately, the decision whether to award costs rests within the discretion of the Court. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

## Analysis

Loyola seeks to recover three categories of costs: (1) costs for deposition transcripts, (2) costs for deposition exhibits, and (3) court reporter attendance fees. *See* Itemization of Bill of Costs (Dckt. No. 183-1, at 1–6 of 7). In total, Loyola seeks costs in the amount of $21,326.77. *See* Bill of Costs (Dckt. No. 183).

Doe objects to the bill of costs on four grounds.

First, Doe argues that thirteen deposition transcripts were not "necessarily obtained" within the meaning of 28 U.S.C. § 1920. *See* Pl.'s Resp. to Def.'s Bill of Costs ("Pl.'s Resp."), at 3–4 (Dckt. No. 190).

Second, Doe contends that Loyola cannot recover the full "original" rate for transcripts of depositions taken by Doe. As Doe sees it, the right rate is the "copy" rate of $0.90 per page, not the "original" rate of $3.65 per page. *Id.* at 4.

Third, Doe argues that Loyola is not entitled to any costs for ordering a copy of the deposition exhibits. *Id.* at 5.

Finally, Doe argues that Loyola is not entitled to the expedited rate for several deposition transcripts. *Id.* at 5–6.

The Court will address each argument in turn. This Court *sua sponte* raises a fifth issue, too, about court reporter attendance fees.

## I. Deposition Transcripts

Doe begins by challenging the fees for 13 of the 29 deposition transcripts listed in the bill of costs. The challenge involves 13 transcripts from the depositions of 10 witnesses.

Specifically, Doe takes issue with the costs of ordering the transcripts from the depositions of Thomas Kelly (three days), Timothy Love (two days), Maria Kuhn, Kimberly Moore, William Rogers, Steven Shedlin, Brett Sokolow, Chad Staller, Hanna Stotland, and Stephen Watson. *See* Pl.'s Resp., at 3 (Dckt. No. 190). Eight of the challenged depositions were taken by Doe, and five were taken by Loyola.

Recoverable costs under Rule 54(d) include "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). According to Doe, the transcripts in question were not "necessarily obtained" within the meaning of section 1920(2) because "[i]t was obvious when defendant ordered the transcripts that they would play no significant role in its anticipated summary judgment motion, and defendant scarcely mentioned them in its motion papers. Nor did the Court rely on them in its summary judgment motion." *See* Pl.'s Resp., at 3 (Dckt. No. 190).

That argument goes nowhere. The statutory text does not support such a narrow view. The statute allows the prevailing party to recover the cost of transcripts necessarily obtained "for use in the case." *See* 28 U.S.C. § 1920(2). The question is whether the party obtained the transcripts "for use" in the case, not whether the party *actually* used them. What's more, the question is whether the transcripts were for use "in the case," not whether they were used in the motion that cemented victory for the prevailing party.

Doe's argument "'that the depositions were used sparingly in defendant's summary judgment motion and therefore were not necessarily obtained for use in this case is . . . without merit.'" *Hruska v. Forest Preserve Dist. of Cook Cnty.*, 2013 WL 1984476, at *1 (N.D. Ill. 2013) (quoting *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)). The Seventh Circuit has repeatedly held that "the introduction of a deposition in a summary judgment

4

motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr*, 135 F.3d at 455.

Instead, "[t]he proper inquiry is whether the deposition was reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court." *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 2015 WL 351244, at *4 (N.D. Ill. 2015) (quoting *Cengr*, 135 F.3d at 455) (internal quotation marks omitted); *see also Coleman*, 2018 WL 11426156, at *2 (citing *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008)) ("The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition.").

"Whether a transcript was necessarily obtained is determined as of the time the deposition was taken, and the fact that it was not used in a summary judgment motion is not always dispositive." *Phelan v. Cook County*, 2005 WL 1705821, at *1 (N.D. Ill. 2005) (citing *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003)). The determination of necessity must be made "without regard to intervening developments that render the deposition unneeded for further use." *Sterling Nat'l Bank v. Block*, 2019 WL 5085715, at *8 (N.D. Ill. 2019) (quoting *Cassidy*, 338 F.3d at 712).

"[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Gecker ex rel. Collins v. Menard, Inc.*, 2020 WL 1077695, at *2 (N.D. Ill. 2020) (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). And again, the reasonable necessity of a transcript depends on facts known at the time of deposition. "The parties are not required to be clairvoyant about whether a witness's testimony will appear in subsequent briefing." *Bagwe*, 2015 WL 351244, at *4. Instead, costs

5

may be "taxed for depositions of persons likely to have information relevant to the claims and defenses of the parties." *Id.* at \*4 (citing *Cengr*, 135 F.3d at 455).

Still, Loyola bears the burden of establishing that the transcripts were "necessarily obtained." *See* 28 U.S.C. § 1920(2). In the face of a challenge, Loyola must do more than simply state that conclusion. *See Phelan*, 2005 WL 1705821, at \* 1 (citing *Ulatowski v. John Sterling Corp.*, 2005 WL 643349 at \*2 (N.D. Ill. 2005)); *see also LeMoine v. Combined Comm. Corp.*, 1996 WL 435115, at \*2 (N.D. Ill. 1996).

Loyola has met that burden here. For starters, both parties cited testimony from six of the ten witnesses in the disputed transcripts in their filings. *See Fabiyi v. McDonald's Corp.*, 2014 WL 2819007, at \*3 (N.D. Ill. 2014) ("The company relied on both of these depositions in its memorandum in support of its motion for summary judgment, so this court concludes that the transcripts were necessarily obtained."). It is hard to say that a transcript is unnecessary when the parties relied on it when briefing a motion for summary judgment.

Consider, for starters, the eight disputed depositions taken by Doe. Doe can hardly fault Loyola for getting transcripts of depositions taken by Doe. After all, Doe thought that the witnesses had something important to say.

The depositions covered important topics, too. For example, the University's 30(b)(6) witness covered the University's internal sexual misconduct procedures and training. Fact witnesses covered the University's internal communications and its official response to the allegations against Doe. The University's damages expert (William Rogers) testified about the economic impact on Doe stemming from dismissal.

The remaining five depositions were taken by Loyola, and it was perfectly reasonable to order the transcripts. Four of the five depositions involved expert witnesses. The fifth

6

deposition involved Doe's therapist. The witnesses commented on key issues in the case, including the merits and damages.

Based on the entirety of the case, the nature of the claims, and the topics of the testimony, the Court concludes that it was reasonable for Loyola to order the transcripts in question. The Court finds that Loyola has easily carried its burden of demonstrating reasonable necessity with respect to all the challenged transcripts.

## II.     Copy Rates

Next, Doe argues that Loyola cannot recover the requested rate for copies of the deposition transcripts. Basically, Doe believes that Loyola can recover only the "copy" rate (which is lower), not the "original" rate (which is higher), when Doe took the depositions.

Local Rule 54.1(b) limits deposition transcript costs to the "regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." *See* L.R. 54.1(b). Discovery took place between October 2019 and January 2021. During that period, the copy rate was $3.65 per page for "original" transcripts and $0.90 per page for copies. *See* N.D. Ill. General Order 18-0011 (Apr. 19, 2018).

Doe's argument is about the depositions taken by Doe. According to Doe, Loyola may not seek reimbursement at the *original* rate for these transcripts because Doe took the depositions, and Doe ordered the original transcripts, not Loyola. *See* Pl.'s Resp., at 4 (Dckt. No. 190). In other words, Doe believes that he ordered the original, and so Loyola must have ordered copies.

Doe is mistaken. A deposition transcript isn't The David. There can be more than one original.

In this context, an "original" means the first copy ordered by *each side*, not the first copy ordered by *any party*. "Courts interpret [Local Rule 54.1(b)] to mean that *each* party may tax costs for one copy of a transcript at $3.65 per page, and costs for a second copy at $0.90 per page." *Alam Detection Sys., Inc. v. Orland Fire Prot. Dist.*, 2019 WL 3733443, at *1 (N.D. Ill. 2019) (emphasis in original); *see also Williams v. Schwarz*, 2018 WL 4705558, at *2 (N.D. Ill. 2018) ("It appears from the record before the Court that the transcripts for the three depositions in question 'were the only transcripts provided to [Plaintiff], and therefore are more properly understood as original transcripts within the meaning of Local Rule 54.1.'") (quoting *Pezl v. Amore Mio, Inc.*, 2015 WL 2375381, at *2 (N.D. Ill. 2015)); *Temple v. City of Chicago*, 2016 WL 8669630, at *3 (N.D. Ill. 2016) ("If a deposition transcript is the only set the prevailing party received for the deponent, then the transcript is considered an original and may be taxed at the original transcript rate.").

In other words, the words "original" and "copy" are party-specific. For purposes of Local Rule 54.1(b), each side orders an original (and pays the court reporter for it). If that party wants a second copy, that's a copy.

The invoices supporting the bill of costs confirmed that Loyola received only one transcript from the court reporter for each challenged deposition. *See* Invoices (Dckt. No. 183-2, at 2–10, 12–14, 16–18, 20–21, 23–24, 26, 30, 34 of 34). Those transcripts were originals within the meaning of the Local Rules.

It's not like Loyola is making out like a bandit. The court reporters charged Loyola at the "original" rate for the transcripts, even when Doe took the depositions. So Loyola is simply passing that cost along.

8

Loyola's bill of costs includes different per-page costs for the different depositions (maybe because they involved different court reporters). For example, the transcript from Doe's deposition cost $3.65/page. *See* Def.'s Itemization of Bill of Costs (Dckt. No. 183-1). The transcript from the deposition of Timothy Love cost $3.37/page, and the transcript from the deposition of Leslie Watland cost $2.87/page. *Id.* at 2. The amounts varied, but the variation does not matter. All of the costs were below the ceiling of $3.65 per page.

The Court finds that the costs of ordering the transcripts were reasonable.

### III. Exhibit Fees

Doe also takes issue with the costs of ordering a copy of the deposition exhibits from the court reporters. Here, the requested amount totaled $1,759.84.

Doe begins with the blanket argument that the cost of ordering deposition exhibits is not recoverable under 28 U.S.C. § 1920. *See* Pl.'s Resp., at 5 (Dckt. No. 190). Then, Doe argues that Loyola may not recover costs of exhibits that it already possessed – meaning all of them – since Loyola already had a copy of the documents through discovery. *Id.* Finally, Doe contends that, if this Court allows Loyola to recover exhibit costs, it should limit such costs to a reasonable per-page rate of $0.20. *Id.* (citing *Chapman v. Wagener Equities, Inc.*, 2017 WL 2973420, at *2 (N.D. Ill. 2017)).

Loyola seeks a total of $1,759.84 in expenses for ordering copies of the deposition exhibits. *See* Itemization of Bill of Costs (Dckt. No. 183-1, at 1–6 of 7). The itemization does not reveal exactly which exhibits were copied, but a litigant is only "required to provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). And an exhibit-by-exhibit summary would overwhelm the Court anyway.

9

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4). Thus, "'[c]osts for exhibits are recoverable if the exhibits were reasonable and necessary, in that they aid in understanding an issue in the case.'" *Pezl*, 2015 WL 2375381, at *3 (quoting *Nilssen v. Osram Sylvania, Inc.*, 2007 WL 257711, at *3 (N.D. Ill. 2007)). However, "[t]he Seventh Circuit has previously denied a litigant the cost of copying exhibits already in his possession." *Chapman*, WL 2973420, at *2 (citing *Cengr*, 135 F.3d at 456).

Even so, it is reasonable to recover costs of deposition exhibits already possessed through discovery "when doing so [is] necessary to understanding the deposition transcripts." *See Chapman*, 2017 WL 2973420, at *2. The need for copies of deposition exhibits becomes especially acute in complex cases like this one. *See Springer v. Ethicon, Inc.*, 2018 WL 1453553, at *14 (N.D. Ill. 2018) ("Courts in this district have found costs associated with deposition exhibits taxable on the ground that exhibits are essential to understanding the content of a deposition, especially in a complex and heavily litigated case.") (quotation marks omitted). "'[I]t is not unreasonable to request copies of the exhibits used during a deposition, for even if the exhibits have been produced in discovery . . . exhibits are often authenticated during a deposition, and it may be necessary for attorneys to use the marked exhibit in order to benefit from that authentication.'" *Hillmann v. City of Chicago*, 2017 WL 3521098, at *3 (N.D. Ill. 2017) (alteration in original) (quoting *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 856 (N.D. Ill. 2015)).

There is nothing unreasonable about ordering a copy of the deposition exhibits, even if the party already has a copy of the documents from discovery. In fact, ordering a copy of the marked deposition exhibits is closer to routine.

The documents aren't identical. A document without a deposition sticker is not the same thing as a document with a deposition sticker. They don't carry the same weight, or have the same value.

At deposition, the court reporter or the questioning party puts an exhibit sticker on the document, and for good reason. It is part of the record, and affixing a sticker on the document avoids potential confusion about what document the witness was talking about. The deposition stickers make it easy to identify the right document. They add clarity and avoid confusion.

That's true at trial, too. Having a copy of trial exhibits with trial stickers is helpful, even if all of the parties already have the documents without stickers.

Imagine the alternative. Imagine reading a deposition transcript about Exhibit #5. And then, imagine if the party didn't order the exhibits. What exhibit was the witness talking about? Sometimes, it might be easy to tell. But not always.

The price of uncertainty can be high. It can lead to search costs, and doubt, and mistakes, and disputes. Litigation has enough of those things already.

Maybe ordering a copy of the deposition exhibits wouldn't be necessary in a small potatoes case, where all of the documents can fit in a small folder. But most cases in federal court aren't small potatoes. Most of the time, the parties produce lots of documents in discovery. Ordering a copy of the marked deposition exhibits adds clarity, and in the grand scheme of things, it doesn't cost that much.

The Court finds that obtaining copies of deposition exhibits in this case was reasonable and necessary. The parties produced thousands of pages of documents. The number of exhibits taxed by Loyola in this case – 3,182 in total, spread across 23 depositions – was reasonable given

the number of witnesses, the issues involved, the complexity of the case, and the amount of discovery. The Court therefore allows Loyola to tax exhibit fees.

## IV. Expedited Transcript Fees

Finally, Doe argues that Loyola is not entitled to recover costs of expedited rates for several deposition transcripts. *See* Pl.'s Resp., at 5 (Dckt. No. 190). Specifically, Doe challenges the expedited rate of $6.05 per page for Thomas Kelly's August 11, 2020 Rule 30(b)(6) deposition.[1] Doe also challenges the rate of $4.85 per page for three other depositions (specifically, the depositions of Brett Sokolow, Chad Staller, and Hanna Stotland). *Id.*

There isn't any dispute about the governing rates in this district for daily transcripts and 7-day expedited transcripts. Doe acknowledges that the expedited rates of $6.05 and $4.85 are the right rates.

Instead, Doe argues that there was no need for expedited transcripts in the first place. As Doe sees it, there was no rush because the filing of a summary judgment motion is "not an immovable deadline." *Id.*

"[A] party seeking to 'recover the added cost of expedited transcripts' must 'show that it was reasonable and necessary to order transcripts on an expedited basis.'" *Hacker v. United Airlines, Inc.*, 2019 WL 2287807, at *3 (N.D. Ill. 2019) (quoting *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 945 (N.D. Ill. 2012)); *see also Neuros Co., Ltd. v. KTurbo, Inc.*, 2011 WL 3841683, at *2 (N.D. Ill. 2011) ("Parties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis.").

---

[1] Plaintiff's response states that the deposition was taken on August 8. However, the first day of Thomas Kelly's Rule 30(b)(6) deposition occurred on August 11, 2020. *See* Itemization of Bill of Costs (Dckt. No. 183-1, at 4 of 7).

12

Doe is off the mark. Three of the four depositions (Sokolow, Staller, and Stotland) took place at the very end of 2020 or the beginning of 2021. At that point, there was a looming summary judgment deadline of February 3, 2021. *See* 12/18/2020 Order (Dckt. No. 122). This Court had already extended the deadline. Litigants who casually assume that courts will repeatedly move deadlines do so at their peril.

Time was of the essence, because there wasn't much time left on the clock before the due date for summary judgment. Filing for summary judgment is a massive undertaking, too. It requires the careful compilation of exhibits, and careful citations. The arrival of new deposition transcripts at the last minute can create unnecessary headaches, and opportunities for mistakes. Counsel, after all, need time to read and digest transcripts.

There was a good reason to order an expedited transcript for the fourth deposition (involving Kelly), too. A follow-up deposition was slated to take place 10 days later. Having the transcript of day one is helpful when renewing the deposition on day two.

Therefore, the Court allows Loyola to recover the full costs of the expedited transcripts.

### V.     Attendance Fees

The last issue involves court reporter attendance fees. Loyola seeks $1,370 in court reporter attendance fees. Doe does not challenge the attendance fees claimed by Loyola. Even so, the Court took a look *sua sponte*. The invoices attached to Loyola's bill of costs demonstrate that these attendance fees are not recoverable.

"[A]ttendance fees 'may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed the page rate established by the Judicial Conference.'" *Williams v. Fico*, 2015 WL

13

3759753, at *5 (N.D. Ill. 2015) (quoting *Fletcher v. Chicago Rail Link, LLC*, 2007 WL 4557816, at *1 (N.D. Ill. 2007)).

Loyola already requested, and received, the maximum Judicial Conference rate for the transcripts associated with these attendance fees. So Loyola cannot recover the court reporter attendance fees, too. *Id.* (citing *Perry*, 2011 WL 612342, at *5); *see also Blackwell v. Kalinowski*, 2011 WL 3555770, at *2 (N.D. Ill. 2011); *Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *2 (N.D. Ill. 2004) ("[T]he court reporter's attendance fee may be taxed as costs only to the extent that the fee, when added to the per page rate charged for the deposition transcript, does not make the total charge per page exceed the applicable page rate established by the Judicial Conference.").

The Court therefore deducts $1,370 from the bill of costs.

## Conclusion

For the reasons stated above, Loyola's Bill of Costs (Dckt. No. 183) is allowed in the amount of $19,956.77. That said, the case is on appeal. The Court stays enforcement until 28 days after the return of the mandate.

Date:   April 25, 2023

                                                                 Steven C. Seeger
                                                                 United States District Judge

14