UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

John Doe
                    Plaintiff,

v.                                        Case No.: 1:18−cv−07335
                                                   Honorable Steven C. Seeger

Loyola University Chicago
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, August 8, 2024:

      MINUTE entry before the Honorable Steven C. Seeger: Status hearing held on August 8, 2024. For the reasons explained at the hearing, the Court concludes that this case is not moot. There is a live case or controversy between the parties in light of the pending requests for a declaratory judgment, injunctive relief, and compensatory damages. John Doe may not want to go back to Loyola (because he graduated from another school). But the lack of an aspiration to go back to that particular school does not mean that the case is moot. John Doe seeks declaratory relief and injunctive relief to remove the stain from his educational record. The Court finds that John Doe has a reasonable, good faith basis to believe that the current disciplinary record may limit his future educational and employment opportunities. The Court also concludes that the request for compensatory damages is a live issue, including both the application fee for the new school as well as lost wages. John Doe may or may not prevail (and this Court already entered summary judgment against him), but mootness does not turn on the probability of success on the merits. In sum, there is a live dispute between the parties, and they still have skin in the game. Separately, the Court concludes that John Doe may not proceed anonymously under current Seventh Circuit case law. The Court gave Jane Roe (the accuser), a non−party, an opportunity to weigh−in on her need for confidentiality. For the reasons explained at the hearing, the Court concludes that Jane Roe has a legitimate privacy interest as a non−party, given the nature of the allegations (involving sexual conduct). So, going forward, John Doe must use his real name in this case. The parties must not use the real name of Jane Roe in any court filings. The Court will address Jane Roe's real name at trial if need be. In sum, the Court has resolved all issues that the Seventh Circuit directed this Court to address in the limited remand. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.